# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

MARY P. WILEY,

    Plaintiff,

v.

NANCY A. BERRYHILL, Commissioner of Social Security,

    Defendant.

Case No. 2:18-cv-00360-GMN-DJA

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned magistrate judge for a report of findings and recommendations under 28 U.S.C. § 636(b)(1)(B)-(C) and Local Rule IB 1-4. The case involves review of an administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff Mary P. Wiley's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act. The Court has reviewed Plaintiff's Motion for Reversal or to Remand (ECF No. 19), filed September 6, 2018, and the Commissioner's Response and Cross-Motion to Affirm (ECF Nos 20-21), filed October 4, 2018. Plaintiff filed a Reply (ECF No. 22) on October 24, 2018.

**I.    BACKGROUND**

    **1.    Procedural History**

On November 8, 2013, Plaintiff protectively applied for disability insurance benefits, alleging an onset date of August 1, 2010. AR[1] 151-152. Plaintiff's claim was denied initially, and on reconsideration. AR 60, 77. A hearing was held before an Administrative Law Judge ("ALJ") on June 24, 2016. AR 36-59. On September 2, 2016, the ALJ issued a decision denying

---

[1] AR refers to the Administrative Record in this matter. (Notice of Manual Filing (ECF No. 12).)

Plaintiff's claim. AR 16-35. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied review, on December 29, 2017. AR 1-6. Plaintiff, on February 27, 2018, commenced this action for judicial review under 42 U.S.C. §§ 405(g). (*See* Motion/Application for Leave to Proceed *in forma pauperis*. (ECF No. 1).)

### 2. The ALJ Decision

The ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520. AR 16-35. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of August 1, 2010 through her date last insured of December 31, 2015. AR 21. At step two, the ALJ found that Plaintiff had a medically determinable "severe" impairments of degenerative disc disease of the lumbar spine, diabetes mellitus, and obesity along with non-severe impairments of hypertension, status-post hysterectomy, history of diverticulitis, ovarian cysts, hyperlipidemia, anxiety, and depression. *Id*. at 21-22. He rated the paragraph B criteria as: no limitation in activities of daily living, mild limitation in social functioning, mild limitation in concentration persistence and pace, and no episodes of decompensation. AR 22-23. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 24.

At step four, the ALJ found that Plaintiff has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except: she can lift 10 pounds occasionally and 10 pounds frequently; stand and/or walk for two hours in an eight hour workday; sit for six hours in an eight hour workday; and cannot climb ladders, ropes or scaffolds or crawl. AR 25. The ALJ found that Plaintiff is capable of performing her past relevant work as a bookkeeper and purchasing clerk as the positions are generally performed in the economy. This work does not require the performance of work-related activities precluded by the claimant's RFC. AR 29. The ALJ did not reach step five. Accordingly, the ALJ concluded that Plaintiff was not under a disability at any time from August 1, 2010, through the date last insured of December 31, 2015. AR 29.

///

## II. DISCUSSION

### 1. Standard of Review

Administrative decisions in social security disability benefits cases are reviewed under 42 U.S.C. § 405(g). *See Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) states: "Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The court may enter "upon the pleadings and transcripts of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.* The Ninth Circuit reviews a decision affirming, modifying, or reversing a decision of the Commissioner de novo. *See Batson v. Comm'r*, 359 F.3d 1190, 1193 (9th Cir. 2004).

The Commissioner's findings of fact are conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). However, the Commissioner's findings may be set aside if they are based on legal error or not supported by substantial evidence. *See Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006); *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). In determining whether the Commissioner's findings are supported by substantial evidence, the court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

Under the substantial evidence test, findings must be upheld if supported by inferences reasonably drawn from the record. *Batson*, 359 F.3d at 1193. When the evidence will support more than one rational interpretation, the court must defer to the Commissioner's interpretation.

*See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *Flaten v. Sec'y of Health and Human Serv.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Consequently, the issue before the court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence. It is incumbent on the ALJ to make specific findings so that the court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. Mere cursory findings of fact without explicit statements as to what portions of the evidence were accepted or rejected are not sufficient. *Lewin v. Schweiker*, 654 F.2d 631, 634 (9th Cir. 1981). The ALJ's findings "should be as comprehensive and analytical as feasible, and where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based." *Id.*

### 2.     Disability Evaluation Process

The individual seeking disability benefits has the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *See* 20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that she can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See* 20 C.F.R. § 404.1520(a)(4); *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). Step one requires the ALJ to determine whether the individual is engaged in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. *Id.* § 404.1572(a)-(b). If

the individual is engaged in SGA, then a finding of not disabled is made. If the individual is not engaged in SGA, then the analysis proceeds to the step two. Step two addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. *Id.* § 404.1520(c). An impairment or combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on the individual's ability to work. *Id.* § 404.1521; *see also* Social Security Rulings ("SSRs") 85-28, 96-3p, and 96-4p.[2] If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to step three.

Step three requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(h). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to step four.

Before moving to step four, however, the ALJ must first determine the individual's residual functional capacity ("RFC"), which is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. *See* 20 C.F.R. § 404.1520(e); see also SSR 96-8p. In making this finding, the ALJ must consider all the relevant evidence, such as all symptoms and the extent to

---

[2] SSRs constitute the SSA's official interpretation of the statute and regulations. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009); *see also* 20 C.F.R. § 402.35(b)(1). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Bray*, 554 F.3d at 1223 (finding ALJ erred in disregarding SSR 82-41).

which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529; *see also* SSRs 96-4p and 96-7p. To the extent that statements about the intensity, persistence, or functionally limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must make a finding on the credibility of the individual's statements based on a consideration of the entire case record. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527 and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.

Step four requires the ALJ to determine whether the individual has the RFC to perform her past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years before the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed a SGA. 20 C.F.R. §§ 404.1560(b) and 404.1565. If the individual has the RFC to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to step five.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his RFC, age, education, and work experience. 20 C.F.R. § 404.1520(g). If he is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Yuckert*, 482 U.S. at 141-42.

**3.    Analysis**

    **a.    Whether the ALJ's Step Two Non-Severe Mental Impairments Finding Is Supported**

The ALJ found that Plaintiff had non-severe mental impairments of anxiety, and depression. AR 21-22. He rated the paragraph B criteria as: no limitation in activities of daily living, mild limitation in social functioning, mild limitation in concentration persistence and pace,

and no episodes of decompensation. *Id*. at 22-23. Plaintiff claims that the ALJ erred in not finding her mental impairments to be severe based on Dr. Goldstein's opinion that she would be able to understand, remember, and carry out one to two step instructions as well as detailed instructions, but have some difficulty with complex instructions. (ECF No. 19, 11). Further, Plaintiff claims that the vocational expert testified that Plaintiff would not have been able to perform any of her past relevant work if the suggested mental limitation had been added to the RFC and then, she would have been found disabled at step five. (*Id.*). Plaintiff also highlights Dr. Yu's opinion detailing mental limitations, including that she was likely to be absent from work more than twice a month, which the vocational expert testified meant that she could not sustain competitive employment. (*Id.* at 12).

In response, the Commissioner argues that the ALJ's step two finding is supported by the opinions of the State agency psychologists, who opined that Plaintiff's mental impairments were non-severe. (ECF No. 20, 3). Further, the Commissioner highlights the lack of mental health treatment and complaints in the objective medical records. (*Id.* at 4). In addition, the Commissioner underscores the consultative examination in which Plaintiff rated her depression as a 2 out of 10 and her treating psychiatrist noted she had normal cognitive functioning during examinations in December 2013, January 2014, and January 2016. (*Id.* at 6). Further, the Commissioner argues that the weight assigned by the ALJ to Dr. Goldstein's opinion and Dr. Yu's opinion was supported by the medical evidence of record, in particular, that Dr.Yu's more restrictive opinion was issued eight months after the expiration of Plaintiff's insured status. (*Id.* at 7).

In reply, Plaintiff claims her activities of daily living are not inconsistent with Dr. Goldstein's opinion, which supported finding severe mental impairments with corresponding mental RFC restrictions. (ECF No. 22, 2). She also takes issue with the ALJ's characterization of Dr. Yu's opinions and claims the ALJ erred in rejecting aspects of Dr. Yu's opinion that noted mental RFC restrictions. (*Id.* at 4).

Here, the Court finds that the step two finding of that Plaintiff had non-severe mental impairments of anxiety and depression is supported by substantial evidence. The ALJ considered

the allegations of anxiety and depression and found them to be non-severe with the corresponding paragraph B criteria findings. AR 22-23. Further, his finding is supported by the State agency consulting opinions at the initial and reconsideration levels that also found Plaintiff's mental impairments to be non-severe. AR 23. The ALJ's step two finding is also supported by Plaintiff's self-report of activities of daily living that indicates she can maintain contact with extended family and friends, can go out independently, and does not exhibits signs of personal isolation. *Id.* Further, Plaintiff has not be involuntarily hospitalized for a severe decline in mental health. *Id.* Therefore, the Court finds that the ALJ's finding of non-severe mental impairments and no mental RFC limitations is supported by substantial evidence.

### b. Whether the ALJ Properly Weighed the Opinion Evidence

The ALJ determined that little weight was afforded to the treating source opinion of Michael McKenna, M.D. from January 2011 that Plaintiff could perform less than sedentary work. AR 28. He noted that Dr. McKenna's opinion was provided with respect to an application to obtain a handicap placard for driving and expressly states it is a temporary estimate of her abilities and condition. *Id.* Further, the ALJ points out that the opinion does not adequately state Plaintiff's work abilities. *Id.* As for the treating source opinion of Nancy Yu that also opined that Plaintiff could perform less than sedentary work, the ALJ afforded it no weight as it is extreme when compared to Dr. Yu's treatment records and the conservative treatment actually provided with pain medications to Plaintiff. AR 29.

Plaintiff contends that the ALJ's reasons for rejecting Dr. Yu's opinion are not clear and convincing and Dr. Yu's opinion should have been credited, which would result in finding Plaintiff disabled. (ECF No. 19, 14-15). Plaintiff also argues that the ALJ's assessment of little weight to Dr. McKenna's opinion because it was a temporary opinion for a period of two years is not a sufficient reason to discount it. *Id.* at 15.

In response, the Commissioner contends that the ALJ's assignment of no weight to Dr. Yu is supported by the minimal objective findings in Dr. Yu's treatment notes, which reflected back tightness and no neurological defects. (ECF No. 20, 9). Further, the Commissioner argues that Dr. McKenna noted Plaintiff's back pain had decreased by 50% as of January 2011 and no further

aggressive treatment was documented following that date. *Id.* Also, the Commissioner claims that was appropriate for the ALJ to consider the type of form utilized for Dr. McKenna's opinion. *Id.* In reply, Plaintiff claims the ALJ erred in failing to provide clear and convincing reasons to reject uncontradicted opinions from two treating sources. (ECF No. 22, 4-7).

In deciding how much weight to give a medical opinion, the ALJ considers factors including, e.g., the treating or examining relationship of the opinion's source and the claimant; how well the opinion is supported; and how consistent the opinion is with the record as a whole. See 20 C.F.R. § 404.1527(c). In evaluating medical opinions, the ALJ must provide "clear and convincing" reasons supported by substantial evidence for rejecting the uncontradicted opinion of an examining physician. *Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995). The Court finds that the ALJ satisfied this standard in this case.

In his decision, the ALJ extensively discussed Plaintiff's medical records and course of treatment. AR 21-29. He gave little weight to Dr. McKenna's opinion given the context that it was submitted for an application for a handicap placard and no weight to Dr. Yu's most restrictive opinion given it was contradicted by Dr. Yu's own treatment notes and the other medical evidence of record. AR 28-29. Plaintiff criticizes the ALJ's assessment of the medical findings, but the regulations specifically charge ALJs with making findings about what the evidence shows. *See* 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim…, we make findings about what the evidence shows."). Here, the ALJ acknowledged Plaintiff's surgical repair in December 2010, but noted her continued improvement and statements that she was doing well with no reported pain in February 2013 and May 2015. AR 26. Indeed, the ALJ summarized the treatment records for Plaintiff's back impairment along with activities of daily living. *Id.* at 27. He also considered the State agency opinions obtained at initial and reconsideration level that assessed Plaintiff with a light RFC and he limited Plaintiff to a more restrictive RFC given the medical records of regular back pain and limited range of motion during treatment visits. *Id.* at 28. In light of the entirety of the medical record, the Court finds that the ALJ adequately weighed the opinions of Dr. Yu and Dr. McKenna and provided clear and convincing reasons with reference to the medical record.

       **c.**     **Whether the ALJ Properly Assessed Plaintiff's Credibility**

Plaintiff argues that the ALJ did not provide clear and convincing reasons for rejecting her subjective claims. (ECF No. 19, 16-19). Specifically, she claims that the ALJ singled out a few periods of temporary improvement in an attempt to discredit Plaintiff. (*Id.* at 16). Plaintiff argues that the objective medical evidence was not inconsistent with her testimony on her activities of daily living in order to find her not credible. (ECF No. 22, 7-8). The Commissioner claims that the ALJ properly discounted Plaintiff's allegations of debilitating pain based on several reasons: reports to Dr. Yu that her back pain was well controlled on medication, her engagement in activities of daily living that suggest she is capable of more physical activity than she alleged, and treatment notes that consistently reflect good control of back pain with only mild degenerative changes in a June 2015 MRI. (ECF No. 20, 10-12).

"[A] claimant's credibility becomes important at the stage where the ALJ is assessing residual functional capacity, because the claimant's subjective statements may tell of greater limitations than can medical evidence alone." *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001) (citing SSR 96-7p)). Thus, a claimant's credibility is often crucial to a finding of disability. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). There is a two-step test for determining the extent to which a claimant's symptom testimony must be credited:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is *not* required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014) (internal quotation marks and citations omitted) (emphasis original).

Here, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but stated that Plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.  AR 26. The ALJ went on to summarize the medical records and opinion evidence.  AR 26-29.

Despite Plaintiff's allegation to the contrary, the ALJ provided clear and convincing reasons for finding her not credible.  The ALJ did not rely on inconsistent objective medical evidence alone, but rather, addressed some of the seven factors identified in 20 C.F.R. §§ 404.1529(c), and SSR 96-7p.  For example, the ALJ highlighted activities of daily living like Plaintiff doing yoga and traveling to Tennessee that requires sitting for prolonged periods consistent with the RFC assigned.  AR 27.  He also noted multiple reports of no pain problems from June 2011, February 2013, and May 2015 by Plaintiff.  AR 26.  Further, the case law does not prevent the ALJ from taking into account Plaintiff's level of activity over the entire period at issue and noting probative evidence of lack of disability during that period.  Indeed, the ALJ even noted that he reviewed the medical evidence the pre-dates Plaintiff's alleged onset date for context and longitudinal history, which contradicts Plaintiff's allegations that he simply cherry-picked a few temporary periods of improvement.  AR 27.  The Court therefore finds that the ALJ properly gave "clear and convincing" reasons supported by substantial evidence for his credibility determination.

### d.     Whether the ALJ's Step Four Finding Is Supported

Finally, Plaintiff contends that the hypothetical question posed to the vocational expert was incomplete because it did not include Plaintiff's credible allegations and limitations assessed by her treating and examining doctors.  (ECF No. 22, 9).  Specifically, Plaintiff argues that if Dr. Goldstein's and Dr. Yu's opinions had been credited, then she would have been found incapable of performing her past relevant work.  (ECF No. 19, 19).  The Commissioner responds that the ALJ had no obligation to add in those additional restrictions when he properly discounted their opinions and did not include those restrictions in the RFC actually assigned to Plaintiff.  (ECF No. 20, 12).

Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant. *See e.g., Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). The ALJ's hypothetical question properly reflected the RFC assigned to Plaintiff with the exception that it was more limited in lifting only five pounds frequently while the RFC was less restrictive in ten pounds frequently. AR 54. The vocational expert testified that the Plaintiff is capable of performing her past relevant work as a bookkeeper and purchasing clerk. *Id.* As such, the ALJ's step four finding is supported by substantial evidence and his decision is free from reversible legal error.

### III.   CONCLUSION AND RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Remand (ECF No. 19) be denied.

IT IS FURTHER RECOMMENDED that the Commissioner's Cross-Motion to Affirm (ECF No. 20) be granted.

### IV.   NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 4, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE